IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN PAUL TRIPP,

     Petitioner,

v.                                         No. CV 10-0956 JP/RLP
                                              [CR 88-1517 M]

WARDEN GUY PIERCE,

     Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

     This matter is before the Court, sua sponte under 28 U.S.C. § 2254 R. 1(a), (b) and 4, on Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody filed on October 6, 2010. The first few pages of the petition are set forth on a § 2254 form attached to a typewritten petition that also invokes § 2241 and § 2255.

     Petitioner is incarcerated in Illinois, apparently under a state-court conviction on murder charges. In 1988, Petitioner was arrested and brought before this Court for an initial appearance on a federal complaint for unlawful flight to avoid prosecution of a theft charge in Illinois. He asserts that his rights under the Fourth and Sixth Amendments were violated when this Court failed to appoint counsel for him at the initial appearance. Attached to the petition is a copy of the docket of the 1988 proceeding showing that the complaint was dismissed and the detention hearing vacated. Petitioner asks for an order re-extraditing him to New Mexico to challenge the legality of his original extradition to Illinois.

     Petitioner's allegations require this Court, first, to determine the nature of his claims. The Petition clearly is not a collateral attack on a conviction or sentence imposed by this Court, and thus Petitioner may not prosecute his claims in a § 2255 motion. *See* § 2255; *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th

Cir. 1963) (§ 2255 "supplants habeas corpus").  The Court will dismiss Petitioner's claims under § 2255 with prejudice.

Nor may this Illinois prisoner challenge his conviction or incarceration by filing a § 2241 petition in this Court.  As stated by the Court of Appeals for the Tenth Circuit, a district court may not entertain a § 2241 petition by a Petitioner confined in another district.  *See United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) (§ 2241 petition "must be filed in the district where the petitioner is confined."); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined.").  Under the factors in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Court will dismiss Petitioner's § 2241 claims without prejudice rather than transfer them to another court.

Last, to the extent Petitioner seeks relief under § 2254 against his Illinois conviction or sentence, Illinois would provide the more convenient forum for his claims.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n.15 (1973); *and cf. Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987).  Again, under the factors in *Trujillo*, 465 F.3d at 1223 n.16, Petitioner's § 2254 claims will be dismissed rather than transferred to an Illinois court.

IT IS THEREFORE ORDERED that Petitioner's claims under 28 U.S.C. § 2255 are DISMISSED with prejudice; otherwise the Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody filed on October 6, 2010, is DISMISSED without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE